UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN HILLAIRE, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HP INC.,<br><br>Defendant. | No. 2:26-cv-2438<br><br>NOTICE OF REMOVAL<br>(King County Superior Court Case No. 26-2-18861-1) |

TO: Clerk, United States District Court for the Western District of Washington

AND TO: JUSTIN HILLAIRE, and his Attorneys of Record

Defendant HP Inc. ("HP"), hereby gives notice that it is removing the above-captioned case, originally filed in the Superior Court of the State of Washington for King County, Case No. 26-2-18861-1, to the United States District Court for the Western District of Washington. HP removes the case pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the grounds set forth below.

1. On June 12, 2026, Plaintiff Justin Hillaire, acting individually and on behalf of a purported class of persons he seeks to represent, served the Complaint and Summons on HP's registered agent, The Corporation Trust Company. Pursuant to 28 U.S.C. § 1446(a), a copy of the proof of service and Summons and Complaint is attached as Exhibit A. The documents that comprise Exhibit A constitute all process, pleadings, and orders served upon HP. *See*



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

28 U.S.C. § 1446(a). Pursuant to LCR 101(b), the Complaint is separately attached as Exhibit B, and the Jury Demand is separately attached as Exhibit C.

2. Removal of this action is therefore timely because HP filed this Notice of Removal within 30 days after the service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

3. HP removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. § 1453, on the basis that (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) members of the proposed class are citizens of a state different than HP; (c) the number of members of the proposed class exceeds 100; and (d) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**Proposed Class Action**

4. Plaintiff brings this case as a proposed class action, Compl. ¶¶ 56–63 (Ex. B), and seeks certification of the putative class. Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

**Minimal Diversity**

5. Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." Such minimal diversity exists among the parties here.

6. As alleged in the Complaint, Plaintiff is a resident of Washington. Compl. ¶ 11. Plaintiff seeks to represent a class that comprises the following: "all Washington residents who received promotional emails from Defendant with subject lines advertising sales or discounts on HP Products, during the applicable statute of limitations." *Id.* ¶ 56.

7. HP is a Delaware company with its principal place of business in the State of California (as Plaintiff acknowledges, Compl. ¶ 13). Therefore, HP is a citizen of the State of



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Delaware and the State of California for purposes of diversity of citizenship. *See Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 773 (9th Cir. 1992) (alien corporations are citizens of both their foreign place of incorporation and principal place of business). No other defendants are named in this action. Accordingly, complete diversity exists between (i) Plaintiff, who is a Washington citizen, and the putative class he seeks to represent and (ii) HP, thereby satisfying the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

**The Putative Class Numbers Not Less than 100**

8. The number of members of the class that Plaintiff proposes exceeds 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that "[t]here are at least thousands of Class members in Washington" Compl. ¶ 59.

**The Amount in Controversy Is Over $5,000,000**

9. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). This is an "action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

10. "In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (same). "[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citation omitted) (emphasis in original).

11. Where, as here, a complaint fails to state an amount in controversy, "the defendant's notice of removal may do so," and the defendant need only submit a short and plain statement that "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). That statement "need include only a plausible allegation



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. If "the defendant's assertion of the amount in controversy is challenged by Plaintiff in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015).

12. Here, Plaintiff seeks "the greater of actual damages and statutory damages of $500 per email that violates CEMA." Compl. ¶ 87. Plaintiff also seeks "an injunction prohibiting Defendant's deceptive conduct" and "reasonable attorneys' fees and costs." *Id.* § VIII. The Court may consider these types of alleged damages, aggregated on a class-wide basis, when conducting the amount-in-controversy calculation. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (injunctive relief and state law claims authorizing attorneys' fees may be taken into account when determining the amount in controversy for federal diversity jurisdiction).

13. Plaintiff alleges that HP has "sent at least thousands of emails to Washington recipients, with similar false or misleading subject lines." Compl. ¶ 45. Plaintiff further alleges the class is estimated to contain "at least thousands" of members. *Id.* ¶ 58. Plaintiff also alleges "Plaintiff and Class members are entitled to . . . damages of $500 per email that violates CEMA." *Id.* ¶ 87.

14. Without conceding and outright denying any purported liability, based on reasonable assumptions and Plaintiff's allegations that HP sent "thousands" of emails to at least "thousands" of putative class members and with $500 in alleged minimum damages per email, the amount in controversy exceeds $5,000,000 especially when accounting for Plaintiff's requested attorney's fees and injunctive relief. Accordingly, the alleged aggregated damages, fees, and costs Plaintiff seeks surpass CAFA's $5,000,000 amount-in-controversy requirement.

**Removal Is Proper**

15. Pursuant to 28 U.S.C. § 1453, a suit over which a district court would have original jurisdiction under CAFA may be removed to federal court from state court, as provided



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

by 28 U.S.C. §§ 1441(a) and 1446(a). Because this Court could have asserted original jurisdiction over this case, HP is entitled to remove the present action to this Court.

16. King County Superior Court lies within the Western District of Washington. *See* 28 U.S.C. § 128. Accordingly, removal to this district is proper. *See* 28 U.S.C. § 1441(a). The Seattle Division is the proper division for this matter, as it is being removed from King County. *See* LCR 3(e)(1).

17. Pursuant to 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal and the removal of the state court action will be served on Plaintiff through their counsel of record. A copy of this Notice of Removal is being filed promptly with the Clerk of the King County Superior Court, as required by 28 U.S.C. § 1446(d).

18. The removal of this action terminates all proceedings in the Superior Court. *See* 28 U.S.C. § 1446(d).

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of HP's right to assert any claim or defense. HP reserves the right to assert all applicable claims and defenses in response to the Complaint.

**<u>LCR 101(b) Requirements Are Met</u>**

20. In accordance with LCR 101(b), HP has filed contemporaneously with this Notice of Removal a copies of the operative Complaint and the Jury Demand, separately attached as Exhibit B and Exhibit C, respectively. A certificate of service which lists all counsel who have appeared in the action with their contact information, including email addresses, is appended to the end of this Notice of Removal. HP has also filed a completed Civil Cover Sheet, which the Court's ECF system will automatically append to this Notice of Removal in ECF.

WHEREFORE, the above-entitled action is removed from the King County Superior Court to the United States District Court for the Western District of Washington.

DATED this 10th day of July, 2026.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DAVIS WRIGHT TREMAINE LLP

By: *s/ Lauren B. Rainwater*
Lauren B. Rainwater, WSBA #43625

By: *s/ Rachel Herd*
Rachel Herd, WSBA #50339

By: *s/ Quincy Rush*
Quincy Rush, WSBA #62834

920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: 206.622.3150
Fax: 206.757.7700
E-mail: laurenrainwater@dwt.com
E-mail: rachelherd@dwt.com
E-mail: quincyrush@dwt.com

*Attorneys for Defendant HP Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of July, 2026, I caused the attached to be electronically filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that a copy was emailed and mailed by United States Postal Service to the following counsel.

Cody Hoesly, WSBA #41190
BARG SINGER HOESLY PC
121 SW Morrison Street, Suite 600
Portland, OR 97204
Tel: (503) 241-3311
E-mail: choelsy@bargsinger.com

Jonas B. Jacobson, WSBA #62890
DOVEL & LUNER, LLP
201 Santa Monica Boulevard, Suite 600
Santa Monica, CA 90401
Tel: (310) 656-7066
Fax: (310) 656-7069
E-mail: jonas@dovel.com

*Attorneys for Plaintiff*

DATED this 10th day of July, 2026.

*s/ Lauren B. Rainwater*
Lauren B. Rainwater, WSBA #43625



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax