UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN HILLAIRE,

Plaintiff,

v.

HP INC.,

Defendant.

CASE NO. 2:26-cv-02438-LK

ORDER TO SHOW CAUSE

This matter comes before the Court sua sponte. For the reasons stated below, the Court orders Defendant HP Inc. to show cause why this case should not be remanded to King County Superior Court for lack of Article III jurisdiction.

## I. BACKGROUND

This case is a proposed class action against HP for allegedly sending emails with false and misleading subject lines in violation of Washington's Commercial Electronic Mail Act ("CEMA"), Wash. Rev. Code § 19.190, and Washington's Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86. Dkt. No. 1-2 at 10, 28–30. Plaintiff Justin Hillaire complains that HP sends emails

with subject lines that "misrepresent . . . when [HP's] purported sales end." *Id.* at 16. He alleges that the subject lines state that advertised discounts "are limited in duration, tied to a certain event, and/or will end imminently," but that these are false deadlines designed to "convey that the discounts advertised . . . are only available for a short period" when in fact, after the specified time period ends, HP "regularly replaces the sale that ends with a materially similar sale." *Id.* at 16–17. Hillaire contends that such subject lines are false and misleading because "[HP]'s sales are so frequent" that "consumers do not actually get the advertised discounts off of the regular prices" and "the opportunity to receive a discount is not actually time-limited as advertised, but is available routinely." *Id.* at 23–24. Hillaire seeks to represent a class of "all Washington residents who received promotional emails from [HP] with subject lines advertising sales or discounts on HP Products, during the applicable statute of limitations." *Id.* at 26. He avers in conclusory fashion that HP's acts and omissions "caused injury" to him and class members under CEMA and the CPA, and he seeks "the greater of actual damages and statutory damages of $500 per email that violates CEMA"; pre- and post-judgment interest; an injunction prohibiting HP's "deceptive conduct"; and attorney's fees and costs. *Id.* at 28, 30.

Hillaire filed this suit in King County Superior Court on June 10, 2026. *Id.* at 6. HP timely removed this case to this Court, asserting diversity jurisdiction under the Class Action Fairness Act ("CAFA"). Dkt. No. 1 at 2–5. On August 20, 2026, HP moved to dismiss the case for failure to state a claim. Dkt. No. 12. On September 2, 2026, the parties filed a stipulated motion allowing the State of Washington to intervene and file briefing in relation to the motion to dismiss. Dkt. No. 15. The Court stayed this case, vacated all briefing deadlines, and deferred entry of a case schedule pending its determination of whether it has jurisdiction over this case. Dkt. No. 17.

## II. DISCUSSION

"[B]oth the Supreme Court and [the Ninth Circuit] have held that whether or not the parties raise the issue, federal courts are *required* sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (citation modified). Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Although there is "no antiremoval presumption" for cases removed pursuant to CAFA, the removing party must put forth evidence establishing jurisdiction if "the court questions[] the defendant's allegation[s]." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Moreover, as the party invoking federal jurisdiction, HP bears the burden of establishing the existence of a case or controversy under Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Furthermore, "standing is not dispensed in gross;" rather, standing must be established "for each claim that [plaintiffs] press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

As discussed above, Hillaire seeks statutory damages for each email sent in violation of CEMA. Dkt. No. 1-1 at 30. The Washington Supreme Court has held that "CEMA does not require a showing of injury for statutory damages to be awarded because the injury is receiving the e-mail that violates CEMA." *Brown v. Old Navy, LLC*, 567 P.3d 38, 45 (Wash. 2025). But "under Article III, an injury in law is not an injury in fact." *TransUnion*, 594 U.S. at 426–27 (citation modified). For standing purposes, therefore, a statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not

'abstract' or merely 'procedural.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo v. Robins*, 578 U.S. at 338). The Ninth Circuit has interpreted *TransUnion* to require a plaintiff claiming harm based on an intangible injury to show that she "has suffered a harm that has traditionally been actionable in our nation's legal system." *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025).

It is not evident from the complaint or the notice of removal that Article III standing exists in this case.[1] Accordingly, HP is ordered to show cause why this case should not be remanded to state court. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case.").

## III. CONCLUSION

For the reasons stated above, HP is ORDERED TO SHOW CAUSE by no later than September 28, 2026 why this case should not be remanded to state court for lack of Article III standing.[2] If HP would like to rely on its arguments in its motion to dismiss, it shall file a notice by September 28 identifying which portion of the motion to dismiss is responsive to this Order,

---

[1] *See Samaduroff v. David Peyser Sportswear, Inc.*, No. 3:26-CV-05275-TMC, 2026 WL 2675977, at *2 (W.D. Wash. Sept. 11, 2026) (remanding CEMA/CPA case for lack of Article III standing); *Isbell v. Jonathan Adler Enterprises, LLC*, No. C25-2596-KKE, 2026 WL 2568556, at *2–3 (W.D. Wash. Aug. 31, 2026) (same); *Stutsman v. Sirius XM Radio, LLC*, No. 2:25-cv-1113-LK, 2026 WL 2445129, at *4 (W.D. Wash. Aug. 20, 2026) (same); *Rice v. Lucky Strike Ent. Corp.*, No. 2:25-CV-02467-LK, 2026 WL 2427407, at *2 (W.D. Wash. Aug. 19, 2026) (same); *Aronson v. 5 Star Apparel LLC*, No. C25-2691JLR, 2026 WL 2332885, at *2–3 (W.D. Wash. Aug. 4, 2026) (same); *Hutton v. Papa John's USA, Inc.*, No. C25-1922-KKE, 2026 WL 2210133, at *2–3 (W.D. Wash. July 31, 2026) (same); *Nuri v. True Religion Apparel*, No. 2:25-CV-00690-LK, 2026 WL 864886, at *3–4 (W.D. Wash. Mar. 30, 2026) (same); *Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, *2–3 (E.D. Wash. Dec. 4, 2025) (same); *see also Smith v. Lane Bryant Brands Opco LLC*, No. CV SAG-25-03766, 2026 WL 1745684, at *2 (D. Md. June 17, 2026) (same with respect to analogous Maryland law); *Carter v. Vineyard Vines, LLC*, No. CV ELH-25-3178, 2026 WL 1429258, at *14–26 (D. Md. May 21, 2026) (same with respect to analogous Maryland law).

[2] HP argues in its motion to dismiss that, in the alternative to dismissing this case, the Court should "stay this case until the Ninth Circuit resolves the Article III standing inquiry as applied to CEMA claims in *Montes v. Penney OpCo, LLC* ('*Montes II*'), Case No. 26-241." Dkt. No. 12 at 26. The Court will not entertain any additional arguments regarding the propriety of a stay in response to its Order to Show Cause.

along with a certification that the relevant portion does not exceed 2,800 words. Hillaire may file an optional reply by October 5, 2026. Each party's brief shall contain no more than 2,800 words. Alternatively, because the record before the Court does not indicate that Article III standing exists, the parties may stipulate to remand by September 28, 2026.

Dated this 14th day of September, 2026.

Lauren King
United States District Judge